Charles G. **MORGAN,** Plaintiff— Appellant,

v.

Samuel W. **BODMAN,*** Defendant— Appellee.

No. 04–16487.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2006.**

Decided May 19, 2006.

Richard Segerblom, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Steven W. Myhre, Esq., Michael Shane, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

Before: KOZINSKI and FISHER, Circuit Judges, and BLOCK, District Judge.***

MEMORANDUM ****

The district court's findings are sufficiently clear for appellate review. The court separately addressed the challenged employment decisions and adopted the reasons proffered by the defendant for each decision. *See Norris v. City & Coun-*

---

\* Samuel W. Bodman is substituted for his predecessor, Bill Richardson, as Secretary of the United States Department of Energy, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*ty of San Francisco,* 900 F.2d 1326, 1330 (9th Cir.1990) (per curiam) (district court should consider a plaintiff's claim of discrimination "with regard to each of [the challenged] employment decisions separately, examining the specific rationale offered for each decision and determining whether that explanation supported the inference of pretext"). The district court's adoption of the defendant's proffered reasons is not clear error because there is ample evidence supporting them. *See FDIC v. Craft,* 157 F.3d 697, 701 (9th Cir.1998) (per curiam) (district court's factual findings after a bench trial are reviewed for clear error). Izell's references to a desire for "new blood" and a move away from "old methods" and "old paradigms," standing alone, fall short of demonstrating that the defendant's proffered nondiscriminatory reasons were pretextual. *Cf. Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1474–75 (9th Cir. 1995). Morgan offered no evidence to contradict Izell's testimony contextualizing the remarks, and the district court did not clearly err in declining to address them in its order.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Banta's motion for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.